IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-03119-01-CR-S-MDH |
| KARL JACOB STURM, | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's pro se motion for compassionate release. (Doc. 37). On November 2, 2021, Defendant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant's Presentence Investigation Report featured a guideline range of 130-162 months imprisonment, though the statutory maximum was capped at 120 months. (Doc. 25 at ¶ 90). This Court sentenced Defendant to 108 months imprisonment concurrent with his Greene County, Missouri, Circuit Case No. 1731-CR04966-01, followed by three years supervised release.

Defendant's present motion argues for compassionate release based on a perceived sentencing disparity. Specifically, Defendant argues that, to the extent his criminal history is based on prior Missouri convictions for marijuana-related offenses, such prior offenses would no longer factor into Defendant's criminal history calculation for sentencing guidelines. This is due to, Defendant contends, a 2022 Missouri referendum which, in relevant part, expunged prior Missouri low-level marijuana convictions.

As the United States notes, however, the Eighth Circuit has held that expungement of prior state-level convictions impacts sentencing guidelines only when the expungement occurs "due to

1

constitutional invalidity, innocence, or a mistake of law." *United States v. Townsend*, 408 F.3d 1020, 1025 (8th Cir. 2005). The 2022 constitutional amendment Defendant references reflects an altogether different basis for expungement, which does not on its own necessarily impact Defendant's sentencing guidelines and likewise does not constitute extraordinary reasons for compassionate release.

Accordingly, after careful consideration of the record before the Court, including the arguments contained in the government's response, the Court hereby **DENIES** Defendant's motion. The Court finds that the Defendant has not established that his situation is so extraordinary or compelling that he should be released or resentenced.

**IT IS SO ORDERED**.

DATED: November 1, 2023            */s/ Douglas Harpool*
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**